# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 23-01536-EG |
| Ronald Brentt Ergle, | Chapter 7 |
| Debtor(s). | **ORDER FINDING DEBTOR IN CIVIL CONTEMPT AND ISSUING SANCTIONS** |

**THIS MATTER** comes before the Court on the *Motion for Contempt and for Sanctions* (the "Motion for Contempt") filed by Michelle L. Vieira, Chapter 7 Trustee (the "Trustee"), on September 20, 2023 (ECF No. 112), and *Order and Rule to Show Cause* entered on September 25, 2023 (the "Rule To Show Cause"), which required Debtor Ronald Brentt Ergle ("Debtor") to appear before the undersigned on October 19, 2023 and show cause, if any, for his failure to attend the scheduled § 341 Meeting of Creditors and failure to provide documents as required pursuant to the Bankruptcy Code and Bankruptcy Rules, and as further ordered by the *Order Compelling Attendance of Ronald Brentt Ergle at Continued Meeting of Creditors and to Provide Documents*,[1] entered on August 11, 2023 (the "August 11th Order"). This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334 and this matter is a core proceeding pursuant to 28 U.S.C. § 157. Based upon a review of the record in this case, the Court makes the following findings of fact and conclusions of law:

---

[1] ECF No. 74

## **FINDINGS OF FACT**

Debtor, a general contractor who operates Palmetto Construction & Restoration Services, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 30, 2023, without the assistance of counsel. It soon became apparent from calls that the Trustee received from creditors and pleadings filed with the Court that Debtor's schedules and statements of financial affairs filed with the voluntary petition did not fully disclose Debtor's assets.

Based upon Debtor's failure to appear at his § 341 Meeting of Creditors, originally scheduled for July 12, 2023 and rescheduled for August 9, 2023, the Trustee filed a *Motion to Compel Attendance of Ronald Brentt Ergle at the Continued § 341 Meeting of Creditors Scheduled for September 8, 2023 and to Turnover Requested Financial Records*.[2] Debtor did not file any response or objection, and the Court entered the August 11th Order compelling Debtor to appear at the telephonic continued meeting of creditors on September 8, 2023 and to provide the Trustee with the following documents: (1) March, April, and May bank statements for each financial account that he used prior to filing this bankruptcy case; (2) 2021 and 2022 Federal and State income tax returns including all schedules; (3) a copy of any contractor's license, insurance policy or bond issued to Debtor or an entity he controls; and (4) copies of any certificate of title to any titled property owned by Debtor in whole or in part (the "Document Production").[3] Upon Debtor's failure to comply with the August 11th Order, the Trustee filed the Motion for Contempt requesting that the Court issue a show cause order directing Debtor to appear and show cause why he should not be held in civil contempt of court for his failure to comply with the terms of the August 11th

---

[2] ECF No. 66, filed Aug. 10, 2023.
[3] ECF No. 74.

2

Order and further requesting that the Court enforce his compliance by imposing daily fines until Debtor complied with the Document Production, ordering him to pay the Trustee's attorney's fees and costs, and incarcerating him until he has appeared, in person, at a rescheduled § 341 Meeting of Creditors.[4]

The Court issued the Rule to Show Cause Order requiring (a) Debtor to appear at the continued telephonic § 341 Meeting of Creditors on October 4, 2023; (b) any response to the Rule to Show Cause to be filed no later than October 12, 2023; and (c) Debtor to appear before the Court on October 19, 2023 to show cause for his failure to attend the § 341 Meetings and to comply with the Document Production, and "to further show cause why either sanctions**, including but not limited to, a finding of civil contempt, certification of this matter to the District Court for a determination of criminal contempt, denial of discharge or the apprehension and incarceration of Debtor by the United States Marshals Service for the purpose of ensuring attendance and Debtor's production of documents, should not be imposed for such failure**" The Rule to Show Cause further required the Chapter 7 Trustee to issue and serve a subpoena for the Document Production on the Debtor prior to September 28, 2023, in accordance with Fed. R. Civ. P. 45[5], requiring Debtor to produce the documents on or before October 4, 2023.

On October 2, 2023, based upon the Trustee's allegations that Debtor appeared to be evading service, the Court entered an *Order on the Chapter 7 Trustee's Request for Ex Parte Order Allowing Additional Time for Service of Subpoena on Debtor and Permitting*

---

[4] Notably, the United States Trustee had also requested Debtor's examination pursuant to Fed. R. Bankr. P. 2004 and an order was entered requiring Debtor to submit to such examination on August 11, 2023 at the United States Trustee's office. *See* ECF Nos. 29 and 35. At the hearing on October 19, 2023, counsel for the United States Trustee indicated that Debtor failed to appear at the examination on August 11, 2023.
[5] Fed. R. Civ. P. 45 is made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 9016.

3

*Alternate Means of Service,* granting the Trustee an extension until October 9, 2023 to serve the subpoena for the Document Production required to be served by the Rule to Show Cause, and allowing the Trustee to serve the subpoena by Federal Express, overnight delivery, to Debtor's residence.[6] Debtor failed to appear at the rescheduled § 341 Meeting of Creditors on October 4, 2023.[7]

On October 19, 2023, the Court held a hearing on the Motion for Contempt and the Rule to Show Cause, which was attended by the Chapter 7 Trustee, her counsel, counsel for the United States Trustee, and two individuals who identified themselves as Debtor's creditors. Debtor failed to attend the hearing and did not communicate with the Court or the Chapter 7 Trustee that he would be unable to attend prior to the hearing. During the hearing, the Chapter 7 Trustee testified regarding her unsuccessful efforts to obtain information from Debtor necessary for the administration of the estate, including the Document Production.[8] She stated that Debtor's failure to appear at his § 341 Meeting of Creditors and failure to produce documents has hindered her ability to administer the estate properly and has prevented her from fulfilling her fiduciary duty to creditors. She testified that she had determined based upon her investigation that Debtor's bankruptcy schedules were both incomplete and inaccurate and that Debtor had failed to disclose assets that were property of the estate.[9] She further testified that she had communicated with several of Debtor's creditors, who stated that he had taken hundreds of thousands of dollars in

---

[6] ECF No. 130.

[7] *See* US Trustee/Trustee Certification of Debtor(s) Failure to Appear at 341 Meeting filed by Michelle L. Vieira, ECF 133, filed Oct. 4, 2023.

[8] The Trustee stated that Debtor responded once to an email she sent to him early in the case but has not responded to any emails or other communications from her since that time. She further stated that none of her mailings to Debtor have been returned as undeliverable.

[9] The Trustee also stated that Debtor appeared to have incorporated a new business under a new business name shortly after filing the petition.

deposits from them for construction projects on their homes and had not performed the services. Based on the information provided to her from Debtor's creditors, she has determined that there may be assets in Debtor's possession that are available to pay creditors in this case, including a safe which may contain cash received as deposits for construction projects. Despite seeking the Court's authority for various Fed. R. Bankr. P. 2004 examinations and requests for information from various financial institutions and entities, she indicated that to date she has been unable to receive helpful information to aid in the administration of the estate.

The Trustee further testified regarding her attempts to serve Debtor with copies of pleadings and a subpoena for the Document Production. She stated that her process server attempted personal service on Debtor at his residence and despite there being a vehicle in the driveway (with the license plate removed), no one answered the door. Due to Debtor's apparent evasion of service, the Trustee was required to request authorization from the Court to serve the subpoena by Federal Express Overnight Delivery. The Trustee testified that she served the pleadings and subpoena for documents upon Debtor by Federal Express Overnight Delivery as authorized by the Court, but she has not received any documents from Debtor in response. She further stated that she had obtained information from Debtor's wife that indicated that they intend to move out of state within the next month. The Court finds that service upon Debtor of the Rule to Show Cause, the related pleadings, and the subpoena for documents was proper.[10]

---

[10] The Court notes that Debtor filed a "Debtor's Electronic Noticing Request (DeBN)" with the Court on May 30, 2023, signed by the Debtor, which requests, pursuant to Bankruptcy Rule 9036, receipt of court notices and orders via email, instead of U.S. Mail, from the Bankruptcy Noticing Center (BNC) through the U.S. Bankruptcy Court's Debtor Electronic Bankruptcy Noticing (DeBN) program. In this form, Debtor acknowledges that he "will receive electronic notice of any documents filed by the court in any current or future bankruptcy or adversary case." Debtor was also served by U.S. Mail sent to his residence with a copy of the Order Compelling Attendance at the Continued Meeting of Creditors and to Provide Documents (ECF

5

## CONCLUSIONS OF LAW

The meeting of creditors is a mandatory meeting required by 11 U.S.C. § 341. As an individual debtor in Chapter 7, Debtor has a statutory duty to, among other things, cooperate with the Trustee (11 U.S.C. § 521(a)(3)), attend the meeting of creditors (11 U.S.C. § 343)[11], and provide the Trustee with certain documentation (11 U.S.C. § 521(e)(2) and Fed. R. Bankr. P. 4002). Federal Rule of Bankruptcy Procedure 2005 provides that:

> On motion of any party in interest supported by an affidavit alleging (1) that the examination of the debtor is necessary for the proper administration of the estate and that there is reasonable cause to believe that the debtor is about to leave or has left the debtor's residence or principal place of business to avoid examination, or (2) that the debtor has evaded service of a subpoena or of an order to attend for examination, or (3) that the debtor has willfully disobeyed a subpoena or order to attend for examination, duly served, the court may issue to the marshal, or some other officer authorized by law, an order directing the officer to bring the debtor before the court without unnecessary delay. If, after hearing, the court finds the allegations to be true, the court shall thereupon cause the debtor to be examined forthwith. If necessary, the court shall fix conditions for further examination and for the debtor's obedience to all orders made in reference thereto.

Based upon the Trustee's testimony and the record in this case, the Court finds that Debtor has failed to appear to be examined and that his examination is necessary for the Trustee to administer his chapter 7 bankruptcy estate. It further appears that Debtor has

---

No. 77, filed Aug. 14, 2023), the Order and Rule to Show Cause (ECF No. 120, filed Sept. 25, 2023). As indicated by the Certificate of Service filed by the Chapter 7 Trustee on October 3, 2023 (ECF No. 131), the Debtor also received notice of the Motion for Contempt, the Chapter 7 Trustee's Request for *Ex Parte* Order Allowing Additional Time for Service of Subpoena on Debtor, and Permitting Alternate Means of Service filed September 29, 2023, the Order Granting the Chapter 7 Trustee's Request to Allow Additional Time for Service of Subpoena on Debtor and Permitting Alternative Means of Service filed October 2, 2023, and a Subpoena to produce specified documents by Federal Express Overnight Delivery to his residence on October 3, 2023.

[11] Fed. R. Bankr. P. 2004(b) provides, in relevant part, that "[t]he examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor."

evaded service of the subpoena and orders to attend for examination, and that Debtor has willfully failed to comply with a duly served subpoena requiring him to produce documents necessary for the administration of his bankruptcy case.[12]

The Court further finds that it has the inherent authority to enforce its orders and hold Debtor in civil contempt pursuant to 11 U.S.C. § 105, which provides that this Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105. Bankruptcy courts have the duty and authority to police the conduct of the parties who appear before them and to impose sanctions on those parties who abuse the judicial process. *In re Burnett,* C/A No. 21-02018, 2022 WL 802586, at *12 (Bankr. D.S.C. Mar. 16, 2022) (citing *In re Weiss*, 111 F.3d 1159, 1171 (4th Cir. 1997)). Debtor appears to be abusing the bankruptcy process by failing to appear to be examined as ordered by this Court and failing to provide documents required by the Bankruptcy Code in response to a duly issued subpoena.

Therefore, it is hereby ORDERED:

1. Debtor is in civil contempt of the Court's August 11th Order and the Rule to Show Cause due to his failure to appear before the Court and failure to produce documents as ordered.

2. Debtor shall pay the fees and expenses incurred by Trustee's counsel in attending (to the extent applicable) the rescheduled §341 Meeting of Creditors that Debtor failed to attend on August 9, September 8, and October 4, 2023;

---

[12] While the Trustee did not file an affidavit with the Motion for Contempt, she provided testimony under oath at the hearing on October 19, 2023. *See In re TAAF, LLC*, No. 10-00171-8-RDD, 2010 WL 670003 (Bankr. E.D.N.C. Feb. 19, 2010) (waiving the requirement for written affidavits based upon testimony presented during hearing).

filing and prosecuting the (a) Motion to Compel Attendance at the 341 Meeting and to Produce Documents (ECF No. 66), (b) the Motion for Contempt (ECF No. 112), (c) the Ex Parte Request for Order Allowing Additional Time for Service of Subpoena on Debtor and Permitting Alternate Means of Service (ECF No. 128). Trustee's counsel is directed to file a simplified fee and expense application with the time entries and expenses related to these matters within 10 days of the entry of this order. To the extent no objections are filed to the amounts set forth therein after 10 days of the filing of the application, the fees and expenses set forth therein will be determined to be the amount that Debtor needs to remit to Trustee.

3. To purge himself of the contempt, Debtor shall appear before the Court and be examined at the date set forth below:

   DATE:    **November 2, 2023**

   TIME:    **3:00 PM**

   PLACE:   **King and Queen Building**
            **145 King Street Room 225**
            **Charleston, SC 29401**

   **and** make a full and complete production of the Document Production so that it is received by Trustee no later than noon on November 1, 2023. To the extent a document is not produced, Debtor is required to set forth the steps he took to locate and produce such documents. If documents are in the hands of a third party over which Debtor has control, *i.e.* can request copies, then Debtor is expected to take such action. If Debtor fails to appear as ordered at the hearing

on November 2, 2023, the Trustee may file a supplemental affidavit to include the fees and expenses incurred by her counsel to appear at the hearing.

4. If Debtor does not appear before the Court as required by this order and complete the Document Production as set forth herein, the Court will notify the United States Marshal Service ("USMS") that Debtor has failed to comply with this Order and other orders of this Court and direct the USMS to locate, arrest, and detain in custody Debtor and to produce Debtor before the Court to explain why he failed to comply with the orders of this Court and be examined by the Trustee.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**10/24/2023**



Elisabetta G. M. Gasparini
US Bankruptcy Judge
District of South Carolina

Entered: 10/24/2023