**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 23-01536-EG |
| Ronald Brentt Ergle, | Chapter 7 |
| Debtor(s). | **ORDER FINDING CASEY ERGLE IN CONTEMPT AND AWARDING SANCTIONS** |

THIS MATTER is before the Court on the Motion for Contempt and for Sanctions Against Casey Ergle filed by Michelle L. Vieira, Chapter 7 Trustee (the "Trustee"), on December 13, 2023 (the "Motion for Contempt," ECF No. 191), and the Order and Rule to Show Cause that the Court entered on December 14, 2023 (the "Order to Show Cause," ECF No. 195). The Motion for Contempt asks the Court to (1) issue a show cause order directing Casey Ergle ("Ms. Ergle") to appear before the Court and show cause why she should not be held in civil contempt of court for her failure to comply with the terms of prior orders of this Court, and (2) enforce compliance with the Court's prior orders by (a) ordering Ms. Ergle to pay the attorney's fees and costs of the Trustee in bringing the Motion for Contempt and (b) imposing daily fines upon Ms. Ergle until she complies. No response to the Motion for Contempt or the Order to Show Cause was filed. A hearing was held on January 24, 2024, at which Ms. Ergle, Ronald Brentt Ergle ("Debtor"), and counsel for the Trustee were present. The United States Trustee also was present and listened to the proceeding telephonically.

1

## UNDISPUTED FACTS

On May 30, 2023, Ronald Brentt Ergle filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code. On the same day, Michelle L. Vieira was appointed as the case Trustee. Ms. Ergle is Debtor's spouse—or allegedly estranged spouse. On August 18, 2023, the Court entered an Order granting the Trustee's Motion for 2004 Examination of Casey Ergle (ECF No. 80). The examination was scheduled for August 30, 2023 at 10:00 a.m. at the offices of Trustee's counsel (ECF No. 82). The Trustee served the Order regarding the 2004 examination on Ms. Ergle, along with a subpoena commanding her appearance and requesting the production of various documents (the "Documents Subpoena," ECF No. 110).

Ms. Ergle did not respond to the Documents Subpoena, nor did she appear for the scheduled 2004 examination. On September 18, 2023, the Trustee filed a Motion to Compel Casey Ergle to attend a rescheduled 2004 examination and respond to the Documents Subpoena (the "Motion to Compel," ECF No. 109). The Court granted the Motion to Compel and ordered that Ms. Ergle (1) comply with the Documents Subpoena within ten days after service of the order and a re-issued subpoena, and (2) appear at a rescheduled 2004 examination on October 11, 2023, or such other time and place as mutually agreed upon by the parties (the "Order to Compel," ECF No. 111). The Order to Compel further reserved the Court's jurisdiction to

> [I]ssue additional sanctions against Casey Ergle upon the filing of a further motion by the Trustee should Casey Ergle fail to produce the documents or appear at the rescheduled 2004 examination as required, including, without limitation, the payment of the attorneys' fees and costs incurred by the Trustee as a result of the Motion or any further motions seeking to compel Casey Ergle's appearance or production of documents as ordered herein.

The Order to Compel, along with the re-issued subpoena, was personally served on Casey Ergle on September 25, 2023 (ECF No. 127).

Pursuant to the Order to Compel, Ms. Ergle was required to respond to the Documents Subpoena by October 5, 2023. No documents were received by the Trustee or Trustee's counsel by that date. Ms. Ergle contacted Trustee's counsel after the deadline had passed, indicating that she was not available to attend the rescheduled 2004 examination. Other than some PayPal statements and Navy Federal account statements that Ms. Ergle provided at the end of October 2023, the Trustee indicated that she did not receive any other documents responsive to the Documents Subpoena. Furthermore, despite attempts by Trustee's counsel to reschedule the 2004 examination, Ms. Ergle did not respond with her availability for a new examination date.

The Trustee filed the Motion for Contempt on December 13, 2023. The Court scheduled a hearing on the Motion for Contempt for January 24, 2024 and set a deadline of January 10, 2024 to file objections or responses. On December 14, 2023, the Court issued the Order to Show Cause, which required Ms. Ergle to appear at the January 24th hearing and set January 22, 2024 as the deadline for filing responses to the Order. Ms. Ergle was properly served with both the Motion for Contempt and the Order to Show Cause; however, no responses were properly filed by the deadline.[1] The Order to Show Cause further provided:

> **IT IS FURTHER ORDERED** that Ms. Ergle is ORDERED to contact counsel for the Chapter 7 Trustee **no later than 5:00 PM on December 22, 2023** to reschedule the 2004 examination for a date agreeable to both

---

[1] Ms. Ergle did contact the Clerk's Office on January 22, 2024, requesting a continuance for the hearing so she would have time to retain an attorney. The request came in the form of an unsigned letter and did not comply with the requirements of S.C. Local Bankruptcy Rule 5005-4. Accordingly, she was informed by the Clerk's Office that for the Court to consider her request, she needed to file something in compliance with the Local Rules. No further request was made.

3

> parties. The 2004 examination should be rescheduled to take place in person at a place within 100 miles of Ms. Ergle's residence agreeable to both parties and should be conducted **no later than January 16, 2024**. Ms. Ergle shall also consult with the Chapter 7 Trustee **by no later than December 22, 2023** to discuss what documents are in her possession that she must produce pursuant to the subpoena.
>
> **IT IS FURTHER ORDERED** that **no later than 5:00 PM on January 22, 2024**, the Chapter 7 Trustee shall file an affidavit of fees and/or expenses incurred to date with respect to the Motion for Contempt and for Sanctions filed against Ms. Ergle. To the extent that Ms. Ergle has any objection or response to the fees and/or expenses set forth in counsel's affidavit, she may raise any such issues at the hearing scheduled for January 24, 2024.

On January 15, 2024, Trustee's counsel filed an Affidavit of Attorney's Fees ("Brimm's Affidavit," ECF No. 203) indicating that the fees and expenses she incurred between August 30, 2023 and January 12, 2024 as a result of seeking Ms. Ergle's compliance with the subpoenas and Court orders totaled $3,354.00. Ms. Ergle appeared at the hearing on January 24, 2024 and indicated that after talking to her estranged husband—the Debtor in this case—she was under the impression that his bankruptcy case had been dismissed. Ms. Ergle never indicated that she did not receive notice of the Order to Show Cause and the Motion for Contempt, rather, she indicated she was trying to retain counsel but the attorneys she contacted were requesting high retainers. Ms. Ergle indicated that she did not have any objection to the fees set forth in Brimm's Affidavit. The Court took a recess and provided Ms. Ergle and Trustee's counsel the opportunity to discuss a date agreeable to both parties for Ms. Ergle to appear for a Rule 2004 examination and provide documents in her possession that may be responsive to the Document Subpoena. Following the recess, Ms. Ergle indicated that she would make herself available and be present to be examined at 11:30 a.m. (EST) on February 21, 2024, at the King and Queen Building, 145 King Street, 2nd Floor (conference room), Charleston SC 29401. Moreover, she indicated that

4

she would provide documents in her possession that are responsive to the Document Subpoena by no later than February 9, 2024.

## DISCUSSION AND CONCLUSION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and the Court may enter a final order.

As a preliminary matter, the Court notes that Ms. Ergle is not the debtor in bankruptcy; rather, she is Debtor's spouse and, according to Trustee, has some connections to entities that were incorporated close in date to Debtor's filing for bankruptcy. Ms. Ergle is the subject of a subpoena duly issued under Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016. However, because the Motion for Contempt seeks to enforce the Order to Compel, which enforced the Document Subpoena and the subpoena requiring her appearance at the Rule 2004 examination, the Court treats the Motion for Contempt as one to hold Ms. Ergle in contempt under Fed. R. Civ. P. 45(g) ("The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."). *See Riley v. Sciaba* (*In re Sciaba*), 334 B.R. 524, 526 (Bankr. D. Mass. 2005) (imposing *per diem* sanctions to accrue each day until the debtor's mother produced the documents requested by subpoena).

Ms. Ergle has blatantly disregarded two prior orders of the Court requiring her to appear for the Rule 2004 examination and failed to contact the Trustee to reschedule after

5

missing both examination dates. Accordingly, the Court also has authority to impose civil contempt sanctions pursuant to 11 U.S.C. §105(a), which provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

"This Court and other courts have recognized that the authority provided to bankruptcy courts under § 105 to issue the necessary or appropriate orders to carry out the Bankruptcy Code includes the power to sanction litigants and their counsel." *In re Gillespie*, No. 11-07910-JW, 2017 WL 7660641, at *3 (Bankr. D.S.C. Oct. 18, 2017) (citing *Matter of Volpert*, 110 F.3d 494, 500 (7th Cir. 1997); *In re A.H. Robins Co., Inc.*, 133 F.3d 913 (4th Cir. 1998); *In re Ulmer*, 363 B.R. 777, 781 (Bankr. D.S.C. 2000)).

As this Court has recently emphasized in a case finding a creditor in contempt of court, "[w]hile not every error or omission should serve as a basis for sanctions, sanctions are more likely for 'instances of intentional misconduct, blatant disregard for clear orders and rules, [and] repeated and substantial errors which cause prejudice[.]'" *In re Kennedy*, 633 B.R. 293, 295 (Bankr. D.S.C. 2021) (quoting *In re Thomas-Wright*, No. 16-03950-JW, slip op. at 5 (Bankr. D.S.C. Sept. 27, 2017))); *see also In re Seaver*, 640 B.R. 555 (Bankr. D.S.C. 2022) (quoting *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019)) (noting that "[u]nder federal law, the standard for making a civil contempt finding 'is generally an objective one,' and civil contempt 'should not be resorted to where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct.'"). "It is clear from the very terms of [§ 105(a)] that Congress gave the Bankruptcy Court broad inherent discretionary powers to ensure that the motions made and issues raised before it are managed efficiently

6

and justly[,] including the authority to award attorney's fees." *In re Simmons*, 623 B.R. 288, 293 (Bankr. D.S.C. 2021) (quoting another source) (awarding attorney's fees and costs incurred in bringing a motion for contempt against a creditor that failed to abide by an order requiring it release its lien on a manufactured home and deliver title to the debtors).

Additionally, courts have the power to issue *per diem* fines for failing to comply with an order to induce compliance. *Kennedy,* 633 B.R. at 296; *see also In re Gregg*, 428 B.R. 345 (Bankr. D.S.C. 2009) (imposing civil contempt sanction of $500.00 per day, beginning 10 days after entry of order imposing sanction, and explaining such was "necessary in order to coerce [the offending party's] compliance with this Court's Orders."). Courts have found that issuing a *per diem* fine for the purpose of coercing a party's compliance with a discovery order is consistent with one of the primary aims of civil contempt. *See, e.g., James River Equip. v. Justice Energy Co.*, 692 Fed. Appx. 739 (4th Cir. 2017); *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994) ("[A] per diem fine imposed for each day a contemnor fails to comply with an affirmative order . . . exert[s] a constant coercive pressure, and once the judicial command is obeyed, the future, indefinite, daily fines are purged.").

In the matter presently before the Court, Ms. Ergle has ignored not only the Trustee's subpoenas, but also several prior orders of the Court. Two days prior to the hearing—and over five months after being served with the first order scheduling her initial examination—Ms. Ergle contacted the Clerk's Office seeking a continuance because she needed additional time to find representation. She was informed that the request was not made in accordance with the Local Rules and would not be considered unless she properly refiled it. No further requests were made prior to the hearing; however, at the hearing, Ms.

7

Ergle mentioned that she was actively seeking to retain counsel. Given the extent of time that has transpired since she was first notified that the Trustee was requesting to examine her, her and her husband's evasiveness throughout the case, and her disregard for court orders, the Court did not continue the proceeding before it. Based on the record before the Court, it appears that her last-minute attempt to seek counsel was yet another attempt to cause delay. Ms. Ergle is certainly entitled to obtain representation, and the Court encourages her to do so well in advance of the rescheduled Rule 2004 examination or further proceedings.

This case has not been an easy one, and the docket itself reflects as much. Debtor is a general contractor who allegedly was paid large sums of money by customers to perform jobs which were never completed or, in some instances, never started. The Trustee has previously informed the Court at prior hearings that, upon information and belief, Debtor has a safe with cash and owns several corporations. Moreover, upon information and belief, Casey Ergle may be an officer of some of the Debtor's corporations that the Trustee is investigating. The Trustee has been required to engage in a fishing expedition to attempt to put the pieces of the puzzle together and recover assets for the benefit of creditors, and her efforts have been hindered by both Debtor and his spouse, both of whom failed to comply with multiple Court orders and failed to appear at meetings of creditors or examinations.

The Court finds Ms. Ergle in contempt for failing to respond to the properly issued subpoenas and abide by the Order to Compel and Order to Show Cause and sanctions are warranted. Her actions have caused the Trustee to incur legal fees unnecessarily in order to bring these matters to the Court's attention. It appears that the Motion to Compel and

Motion for Contempt were necessary to ensure compliance with the properly served subpoenaes and orders of the Court, as Ms. Ergle has shown a blatant disregard for the subpoenas and requirements of the Court's orders. The Court finds the amount of $3,354.00, as set forth in Brimm's Affidavit, for attorney's fees incurred in relation to the motions brought by Trustee regarding Ms. Ergle to be reasonable. For the reasons set forth above,

**IT IS THEREFORE ORDERED** that Casey Ergle is found to be in contempt of this Court.

**IT IS FURTHER ORDERED** that Casey Ergle shall remit to Trustee's counsel the reasonable attorney's fees incurred by paying Ms. Brimm the sum of $3,354.00 on or before February 21, 2024.[2] The amount received by Ms. Brimm does not need to be held in counsel's escrow account, but rather can be immediately applied toward the outstanding fees incurred.

**IT IS FURTHER ORDERED** that Casey Ergle shall appear to be examined pursuant to Rule 2004 at 11:30 a.m. (EST) on **February 21, 2024** at the King and Queen Building, 145 King Street, 2nd Floor, Charleston, SC 29401. The date, time, and/or location of Ms. Ergle's examination may only be amended by order of the Court. Upon Ms. Ergle's failure to appear as set forth herein, a sanction of **$200.00 per day** shall apply and continue to accrue from February 22, 2024 until such time as she appears to be examined.

**IT IS FURTHER ORDERED** that Casey Ergle shall provide Trustee's counsel, via e-mail, with any documents responsive to the Documents Subpoena by no later than

---

[2] The check or money order should be made payable to Barton Brimm, PA and delivered to Barton Brimm, PA, P.O. Box 14805, Myrtle Beach, SC 29587, or any other address provided by Ms. Brimm.

February 9, 2024. To the extent that Ms. Ergle fails to produce any documents as set forth herein, the Trustee may seek further relief from the Court.

The Clerk of Court shall immediately serve a copy of this order on Casey Ergle by first class mail delivered to 114 Pecan Drive, Summerville, SC 29483 and by email to erglecasey@gmail.com.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**01/26/2024**



Entered: 01/26/2024

Elisabetta G. M. Gasparini
US Bankruptcy Judge
District of South Carolina